UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GREGORY WILLIAMS | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:03-cv-388 (JCH) |
| | : | |
| LIEUTENANT BOUTIN, ET AL. | : | DECEMBER 5, 2003 |

## ORDER OF DISMISSAL

Plaintiff, currently incarcerated at the Federal Correctional Institution in Ray Brook, New York, filed this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. The plaintiff states that he brings this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the federal counterpart of a civil rights action filed pursuant to 42 U.S.C. § 1983. All of the defendants are employees of the Federal Correctional Institution in Ray Brook, New York.

The plaintiff claims that on December 21, 2002, Lieutenant Boutin handcuffed him behind his back, forced him to the ground, and jumped on his back. The plaintiff alleges that Officer Roberts failed to intervene. The plaintiff suffered injuries to his left jaw, forehead, knees, lips, back and teeth. The plaintiff claims that P.A. Skull failed to provide the plaintiff with medical treatment. The plaintiff also alleges that Officer D. Roberts issued him a fabricated disciplinary ticket regarding the December 21, 2002 incident, broke his glasses, and confiscated some of his legal papers and magazines. The plaintiff claims that, on August 20, 2002, Officer LaMica closed the trap door of the cell on his hand. The

plaintiff seeks monetary damages and declaratory and injunctive relief.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), ("PLRA") requires an inmate to exhaust his administrative remedies before bringing a section 1983 action with respect to prison conditions. The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The plaintiff does not allege in his complaint that he attempted to fully exhaust his available administrative remedies prior to filing this lawsuit. The exhaustion requirement applies to Bivens claims. See Id. 5250. The statute clearly states that inmates must exhaust all available administrative remedies before filing suit. See Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001). Thus, any attempt to exhaust administrative remedies after the case was filed is ineffective to satisfy the exhaustion requirement.

On August 15, 2003, pursuant to Snider v. Melindez, 199 F.3d 108, 112 (2d Cir. 1999), the court issued an order [Dkt. No. 4] requiring the plaintiff to file an amended complaint demonstrating that he had fully exhausted his administrative remedies before filing this action challenging the defendants' use of excessive force. The court cautioned the plaintiff that his failure to comply with the order within thirty days would result in the dismissal of this case. To date, the plaintiff has not filed an amended complaint. Accordingly, the complaint is **DISMISSED** without prejudice for failure to

exhaust administrative remedies before filing suit.  See 42 U.S.C. § 1997e(a).

**SO ORDERED.**

Dated this 5th day of December, 2003, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge